**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BILLY L. DOBYNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-CV-644-SAJ |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| Administration,[1/] | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER[2/]**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Billy L. Dobyns, ("Plaintiff") appeals the decision of the Commissioner denying him disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. Plaintiff alleges that the ALJ failed to (1) explain why he found that Plaintiff lacked credibility; (2) consider evidence overcoming the presumption that Plaintiff's part-time job was substantial gainful activity; and (3) consider all the medical evidence or explain why he did not consider it. For the reasons discussed below, the Court hereby affirms the decision of the Commissioner.

**I. FACTUAL AND PROCEDURAL HISTORY**

Plaintiff was born on July 22, 1960, and was 45 years old at the time of his administrative hearing in this case. (*E.g.* R. 31, 92, 355.) At the time, he was working part-time at Wal-Mart. (R. 34-36; *see* R. 107-16.) He has a tenth-grade education and obtained

---

[1/] Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Commissioner of Social Security, is substituted for Jo Anne B. Barnhart the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of § 42 U.S.C. § 405(g) of the Social Security Act.

[2/] This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

his GED through the Marine Corp.  (R. 31, 348.)  He has prior work experience in data networking, framing houses, truck driving, and water well drilling.  (R. 142, 150.)   He alleges that he became disabled on October 1, 2002, due to pain, fatigue and depression caused by fibromyalgia.  *(See* R. 33, 37-39, 92).

Plaintiff filed his application for disability insurance and supplement security income benefits on November 18, 2003. (R. 92-94; 355-56.)  After he was denied benefits at the initial and reconsideration levels, he filed a timely Request for Hearing.  Administrative Law Judge (ALJ) Richard A. Say held the hearing on August 31, 2005 (*see* R. 27-56), and issued an unfavorable decision on May  23, 2006. (R. 10-17.)  Plaintiff filed a Request for Review with the Appeals Council, and the Appeals Council denied Plaintiff's request on September 19, 2006. (R. 6-8.)  Plaintiff now seeks judicial review.

## II. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . . .

42 U.S.C. § 423(d)(1)(A); see 42 U.S.C. § 1382c(a)(3)(A).  A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy, . . . .

42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).[3/]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will "neither reweigh the evidence nor substitute its judgment for that of the Commissioner." *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000); *see Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750.

---

[3/] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.972. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

"The finding of the Secretary[4/] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750. This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### III. ADMINISTRATIVE LAW JUDGE'S DECISION

The ALJ found that Plaintiff (1) met the insured status requirements of the Social Security Act through December 31, 2007; (2) had engaged in substantial gainful activity since his alleged onset date; (3) had the following severe impairment: fibromyalgia; (4) did not have impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1; (5) was capable of performing current relevant work as a cashier (as it did not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity ("RFC"); and (6) had not

---

[4/] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

been under a "disability" as defined in the Social Security Act, from October 10, 2002 through the date of his decision. (R. 14-17.)

## IV.  REVIEW

Plaintiff began working at Wal-Mart in July, 2004. Although he testified that his job title was "demonstrator," the vocational expert classified Plaintiff's job as "cashier." (R. 46, 53.) The ALJ described Plaintiff's work at Wal-Mart as "cashier," and Plaintiff admitted that his job involved some cashier duties. (*See* R. 35, 36, 46.) In finding at Step One of the sequential evaluation process that Plaintiff had engaged in "substantial gainful activity" since the alleged onset date, the ALJ explained that Plaintiff's "monthly income from [his] employment exceeds the maximum allowed by the Administration for non-substantial gainful activity." (R. 14.)

The sequential evaluation process requires a finding at Step One that the claimant is not disabled if the claimant is doing substantial gainful activity, or if the claimant is working and the work the claimant is doing is substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). The regulations define "substantial gainful activity" as "work that (a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]is done (or intended) for pay or profit." *Id.* at §§ 404.1510, 416.910; *see id.* at §§ 404.1572, 416.972. The regulations set forth evaluation guides to determine whether a claimant's employment earnings show substantial gainful activity. *Id.* at §§ 404.1574(a)(1), 416.974(a)(1). A table of monthly earnings for the years prior to 2000 sets

forth the amount of earnings that will "ordinarily" show whether a claimant has engaged in substantial gainful activity. *Id.* at §§ 404.1574(b), 416.974(b).[5/]

There is no dispute in this action that Plaintiff's earnings exceeded the level necessary to create a presumption that he was engaged in substantial gainful activity. The dispute is whether the presumption is rebutted, given Plaintiff's argument that his work was done under special circumstances. (*See* Pl. Br., Dkt. # 15, at 3.)  Plaintiff cites the following regulation which provides, in relevant part:

> The work you are doing may be done under special conditions that take into account your impairment, such as work done in a sheltered workshop or as a patient in a hospital.  If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity. . . . . However, work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level.  Examples of the special conditions that may relate to your impairment include, but are not limited to, situations in which —
>    (1) You required and received special assistance from other employees in performing your work;
>    (2) You were allowed to work irregular hours or take frequent rest periods;
>    (3) You were provided with special equipment or were assigned work especially suited to your impairment;
>    (4) You were able to work only because of specially arranged circumstances, for example other persons helped you prepare for or get to and from your work;
>    (5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or
>    (6) you were given the opportunity to work despite your impairment because of a family relationship, past association with your employer, or your employer's concern for your welfare.

20 C.F.R. § 404.1573(c).

---

[5/]   The Commissioner revised its rules in 2000 to automatically adjust each year the average monthly earnings guidelines. The adjustments are based on the national average wage index. *See* 65 Fed. Reg. 82905, 92906 (2000).

Plaintiff contends that he moved around from one duty to another as his supervisor tried to accommodate him, and he was permitted to work at a lower standard of productivity or efficiency because his employer was concerned for his welfare. (Pl. Br., Dkt. # 15, at 3.) The problem with this argument is that, other than Plaintiff's testimony, there is no evidence in the record to support it. Plaintiff testified that he worked Fridays, Saturdays and Sundays, but often missed Sunday, or came in late or left early on Sundays because he was in too much pain. (R. 36-37, 45-46.) He testified, in particular, that his duties included "working in soft lines and I pretty much sit at the fitting room . . . and answer telephones and direct people to go into the fitting rooms." (R. 46.)

After the hearing, the psychologist who performed a consultative examination of plaintiff opined that Plaintiff worked in (what amounts to) a "sheltered" setting at Wal-Mart," and that Plaintiff said "they let him take breaks and give all manner of accommodations." (R. 348.) Wal-Mart would not be considered a "sheltered" setting under federal regulations.[6] Further, Plaintiff's testimony does not constitute substantial evidence that his employer permitted him to work at a lower standard of productivity or efficiency than other employees or that he was given the opportunity to work despite his impairment because of his employer's concern for his welfare. Plaintiff has not shown that he lacks the necessary skills and ability to work at the substantial gainful activity level.

---

[6] "Sheltered employment is employment provided for handicapped individuals in a protected environment under an institutional program." *Titles II and XVI: Determining Whether Work is Substantial Gainful Activity – Employees*, SSR 83-33, 1983 WL 31255 at *7 (S.S.A.) The most common types of sheltered employment are sheltered workshops, hospitals, Veterans' Administration domiciliaries, long-term care institutions, and homebound employment. *Id.*

The ALJ's finding that Plaintiff's monthly income from his employment exceeds the maximum allowed by the Administration for non-substantial gainful activity is supported by substantial evidence. The ALJ did not err by failing to consider evidence overcoming the presumption that Plaintiff's part-time job was substantial gainful activity. As set forth by the Tenth Circuit, "[a] determination that plaintiff engaged in substantial gainful activity may be made solely on the basis of earnings compared with the standards set forth in [20 C.F.R. § 404.1574(b)(2)]." *Fowler v. Bowen*, 876 F.2d 1451, 1453 n. 3 (10th Cir. 1989) (citing *Hedge v. Richardson*, 458 F.2d 1065, 1067-68 (10th Cir.1972)). Although the ALJ continued the sequential evaluation process "in the interest of the claimant," the Court finds no reason to address the issues raised by Plaintiff as to the ALJ's analysis of Plaintiff's credibility or mental impairment.

## V.  CONCLUSION

The Commissioner's decision denying Plaintiff's application for Social Security benefits follows the correct legal principles and is supported by substantial evidence. Accordingly, the Court affirms the Commissioner's decision.

It is so ordered this 15th day of February, 2008.

Sam A. Joyner
United States Magistrate Judge